Zaura Villagomez, SBN 322102
15915 Ventura Blvd., Suite 203
Bakersfield, CA 93301
Telephone: (888) 413-6858
Facsimile: (818) 688-3974
E-Mail: zaira@villamontlaw.com

Attorney for Plaintiff Lance Mack

VILLAMONT LAW FIRM
Los Angeles County| Kern County

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE MACK, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. 42 U.S.C. § 1983 – First Amendment—Retaliation |
| CITY OF BAKERSFIELD, a public entity; WILLIAM MELL, an individual; GUSTAVO GUTIERREZ, an individual; KEITH SCHLECHT, an individual; BRANDON CAREY, an individual CHRISTIAN VARGAS-FLORES, an individual; and DOES 1–10, inclusive, | 2. 42 U.S.C. § 1983 – Fourth Amendment—Unlawful Seizure/False Arrest<br>3. 42 U.S.C. § 1983 – Fourth Amendment – Excessive Force<br>4. 42 U.S.C. § 1983 – Unconstitutional/Malicious Prosecution<br>5. 42 U.S.C. § 1983 – Municipal Liability<br>6. Cal. Civ. Code § 52.1 (Bane Act)<br>7. False Arrest/False Imprisonment<br>8. Battery<br>9. Negligence |
| Defendants. | DEMAND FOR JURY TRIAL |

TO THE HONORABLE COURT:

Plaintiff LANCE MACK ("Plaintiff" or "Mr. Mack"), through his undersigned counsel, hereby makes the following allegations against the defendants, and each of them.

## I. **JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution.

- 1 -
COMPLAINT FOR DAMAGES

2.      This Court has original federal question jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331.

3.      This Court also has original jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1343(a)(3) and (4), because this action is brought to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States, and to recover damages and secure equitable relief under an Act of Congress providing for the protection of civil rights.

4.      This Court has supplemental jurisdiction over Plaintiff's related state-law claims, including those brought under California Civil Code § 52.1, California common law (false arrest/false imprisonment, battery, negligence), and California Government Code § 815.2, pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      All of Plaintiff's claims arise from the same nucleus of operative facts—namely, the March 27, 2024 events at Bakersfield City Hall, Plaintiff's unlawful arrest and use of force by Bakersfield police officers, and the ensuing criminal prosecution of Plaintiff that terminated in her favor on or about December 11, 2025.

6.      Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b)(1) and (2) because at least one defendant resides in this District and all defendants are residents of the State of California, and because a substantial part of the events and omissions giving rise to the claims occurred within this District.

7.      The events at issue Prior to filing suit, Plaintiff submitted a timely claim for damages to the City of Bakersfield, and she is filing this action within six months of the rejection of said claim, in accordance with Cal. Gov't Code § 900, *et seq.*

VILLAMONT LAW FIRM
Los Angeles County| Kern County

COMPLAINT FOR DAMAGES

## II.     PARTIES

8.      Plaintiff Lance Mack at all relevant times was, a resident of Kern County, California.

9.      Defendant City of Bakersfield ("City") is, and at all relevant times was, a municipal corporation and public entity organized under the laws of the State of California, with the power to sue and be sued in its own name.

10.     At all relevant times, Defendant City, through its Police Department and other departments, employed the individual officer defendants, who acted within the course and scope of that employment and under color of state law.

11.     Defendant William Mell ("Mell") was, at all relevant times, a Bakersfield Police Department officer acting under color of law and within the course and scope of his employment with the City; on March 27, 2024, he is the primary hands-on officer using force against crowd that led to Mr. Mack's arrest. Mell is no longer employed by the Bakersfield Police Department and is a former officer of that department.

12.     Defendant Gustavo Gutierrez ("Gutierrez") was, at all relevant times, a Bakersfield Police Department officer acting under color of law and within the course and scope of his employment with the City, Officer Gutierrez assisted Officer Carey make an arrest, he lay hands on him.

13.     Defendant Keith Schlecht ("Schlecht") was, at all relevant times, a Bakersfield Police Department sergeant acting under color of law and within the course and scope of his employment with the City; he supervised the March 27, 2024 operation at City Hall as Strategic Response Team ("SRT") sergeant and was responsible for approving arrests on scene, including Plaintiff's.

14.     Officer Brandon Carey, ("Carey") was, at all relevant times, a Bakersfield Police Department officer acting under color of law and within the course and scope of his employment with the City; on March 27, 2024, he is the primary hands-on officer using force against him.

15.     Officer Christian Vargas-Flores, ("Vargas") was, at all relevant times, a Bakersfield Police Department officer acting under color of law and within the course and scope of his employment with the City, who authored and/or approved reports and other documents that falsely

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

characterized Plaintiff's conduct and thereby helped initiate and continue the criminal prosecution against him. Officer Vargas assisted Officer Carey make an arrest, he lay hands on him.

16.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names; Plaintiff is informed and believes, and on that basis alleges, that each DOE defendant is in some manner legally responsible for the acts and omissions alleged in this complaint, and that the acts and omissions of each DOE defendant caused or contributed to the injuries and damages suffered by Plaintiff.

17.    Unless otherwise specifically alleged, any reference in this complaint to "Defendants" or to a particular named defendant also refers to DOES 1 through 10.

### III.    FACTUAL ALLEGATIONS

18.    On March 27, 2024, Plaintiff attended a regularly scheduled meeting of the Bakersfield City Council at City Hall South in Bakersfield, California.

19.    Plaintiff was part of a group of community members who assembled to express their views and engage in peaceful expressive activity concerning issues of public concern, including calls for a cease-fire and changes to City policy.

20.    During the public comment portion of the meeting, members of the public, including Plaintiff and others associated with the protest, engaged in chanting and vocal expression such as "Free, free Palestine," directed at the Council and the public.

21.    The City and the Bakersfield Police Department had prior experience with similar protests at City Council meetings, and knew that such events typically involved chanting and expressive activity but did not involve violence by participants.

22.    According to Schlecht's report, previous City Council meetings involving the same group had ended with protesters leaving the chambers and protesting outside; only one earlier meeting involved minor physical resistance and defacement of property outside.

23.    At the March 27, 2024 meeting, after some chanting, Mayor Karen Goh ordered the chambers cleared and directed that members of the public leave the meeting room.

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

24. Schlecht, acting as the on-scene supervisor for the Bakersfield Police Department, then announced a dispersal-type order, directing people to exit the chambers, leave the lobby, walk down the stairs, and proceed all the way to the sidewalk without blocking exits.

25. Plaintiff complied with the order to leave; he exited the council chambers along with other members of the public and proceeded toward the exit doors.

26. At all relevant times as he left the chambers, Plaintiff was unarmed, non-violent, and did not make any threats or engage in any physical aggression toward officers or anyone else.

27. As Plaintiff neared the doors and was only one or two steps from leaving the building, Mell came up behind a member of the public and placed his hand on her mid-to-lower back, around the area of her bra strap. Mr. Mack was standing in line between Mell and this member of the public. Mell went over Mr. Mack to grab this person, which led to Mr. Mack being aggressively grabbed by Officer Carey, Officer Carey, and Officer Vargas.

28. Plaintiff experienced this contact as unnecessary, intrusive, and inappropriate; he objected to being grabbed while he was already in the process of complying with the order to leave.

29. Plaintiff did not block the doorway, did not refuse to move, and did not physically resist any officer; multiple civilian witnesses will attest that he was moving out as ordered when an officer pushed her unnecessarily in the back.

30. Other officers, including Carey and other Bakersfield officers, were nearby and heard Plaintiff's verbal objections, "Let her go", as well as protestors' statements that the area was public property and a free speech zone.

31. Plaintiff turned or attempted to turn toward Mell, intending to ask why he was pushing this person and objecting to how he was touching or pushed while this member of the public was leaving.

32. Plaintiff's verbal objections and questioning of Mell's conduct constituted protected speech under the First Amendment, including criticism of law enforcement.

33. In response to Plaintiff's verbal protest, Vargas, Gutierrez and Carey escalated the encounter by grabbing Plaintiff, slamming him down to the ground and placing him under arrest.

- 5 -

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

34.    At the time Carey seized and arrested Plaintiff, he did not have probable cause, or even reasonable suspicion, to believe that Plaintiff had committed any crime.

35.    Video and witness evidence show that Plaintiff was in the process of leaving the building, that he was slammed down and arrested unnecessarily by Carey, Vargas, and Gutierrez, and that he did not resist, obstruct, or delay any officer before being taken into custody.

36.    Plaintiff did not strike any of the officers involved; any minimal contact alleged by officers was incidental to his movement while being in the middle of the situation and was not intentional, forceful, or criminal.

37.    After seizing Plaintiff, Carey handcuffed him and removed him from the area; within seconds, Plaintiff was dragged in handcuffs from the lobby and was no longer present at the doors where subsequent events occurred.

38.    Schlecht has acknowledged that, as SRT supervisor, he required officers to route all arrests through him for approval at the scene and that he approved Plaintiff's arrest based solely on what Carey reported to him, without any independent observation or investigation of Plaintiff's conduct.

39.    Following his arrest, Plaintiff was transported to Kern Medical for pain suffered, he was then booked, and criminally charged in Kern County Superior Court with failing to disperse from the scene of a riot, rout, or unlawful assembly (Penal Code § 409) and resisting, obstructing, or delaying a peace officer (Penal Code § 148(a)(1)).

40.    The Penal Code § 409 charge required proof that Plaintiff remained at the scene of a riot, rout, or unlawful assembly after a lawful order to disperse, but there was no riot, rout, or unlawful assembly in the constitutional sense at the time of the dispersal order.

41.    The Penal Code § 148(a)(1) charge required proof that Plaintiff resisted, obstructed, or delayed an officer's lawful performance of duties, but Plaintiff's conduct consisted of verbal criticism and minor, non-threatening movement while already complying with dispersal instructions.

COMPLAINT FOR DAMAGES

42.    Plaintiff's counsel later reviewed the video evidence of the incident, which confirmed that prior to any use of force or arrest there was no violence or threat of imminent violence by Plaintiff or the surrounding crowd.

43.    The City's own video and body-worn camera footage, compiled into an exhibit in Plaintiff's criminal case, showed chanting and expressive activity, but not violent conduct by Plaintiff and not the kind of violence or clear and present danger required to transform the assembly into a riot, rout, or unlawful assembly under California law.

44.    In Plaintiff's criminal case, his counsel filed or joined in a nonstatutory motion to dismiss Count I (§ 409) and motions in limine pointing out that the evidence could not support the charged riot/rout/unlawful assembly theory and that Plaintiff could not constitutionally be convicted for protected speech criticizing officers for touching her unnecessarily.

45.    Plaintiff's motions cited controlling authority holding that statutes prohibiting unlawful assemblies and failure to disperse must be narrowly construed and cannot be applied to peaceful, non-violent expressive activity without actual or imminently threatened violence.

46.    Plaintiff's motions also cited authority affirming that the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers, and that officers may not criminalize such speech under Penal Code § 148(a)(1).

47.    Plaintiff also carried out a motion to suppress hearing for the unlawful arrest.

48.    Despite the lack of probable cause and the clear constitutional problems with the charges, Bakersfield Police officers, including Carey, Vargas, Gutierrez, and Mell, caused and continued Plaintiff's criminal prosecution by writing and defending reports that falsely suggested Plaintiff had engaged in criminal conduct.

49.    Vargas in particular, authored or approved reports that alleged Plaintiff attempted to prevent the arrest on this member of the public by lunging past him by using his upper body weight and pushing past him and violated Penal Code §§ 148(a)(1) and 409, which Plaintiff's later exoneration and the video evidence showed to be false and misleading.

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

50.     Plaintiff was forced to endure a 21-month criminal prosecution, including the stress of facing criminal charges, appearing in court, and preparing for trial, before ultimately being exonerated.

51.     On or about December 11, 2025, Plaintiff's criminal case was resolved in his favor in Kern County Superior Court, and he was exonerated of the charges brought against him.

52.     Defendant Mell, who is now a former officer, did not testify at Plaintiff's criminal trial. Defendant Gutierrez, Defendant Schlecht, Defendant Vargas, Defendant Carey did testify at trial. During their testimony, they abided by and defended the false versions of events they had previously reported, which were contradicted by video evidence and led to Plaintiff's extended prosecution.

53.     Following that exoneration, Plaintiff submitted a timely government claim to the City of Bakersfield pursuant to the California Government Claims Act, alleging that former Officer Mell and Officer Gutierrez reported false actions and baseless charges that resulted in unwarranted criminal charges.

54.     The City did not provide fair compensation for the harms Plaintiff suffered, and the time for the City to act on Plaintiff's claim has expired or otherwise been satisfied, thereby satisfying the prerequisite to filing this civil action on her state-law claims.

55.     Plaintiff has identified and disclosed civilian witnesses who will testify that he was in the process of leaving City Hall when he was unnecessarily slammed down to the ground and that he did not resist, obstruct, or delay any officer.

56.     Officers on scene had no legitimate law-enforcement need to slam Plaintiff to the floor, he was already one or two steps from exiting the building and complying with the dispersal order, and this action by officers constituted a use of force that was unnecessary and unreasonable under the circumstances.

57.     Citizens are not required to stand by and silently watch another citizen be mistreated by law enforcement, and members of the public may object when an officer uses unnecessary or inappropriate physical contact, including while they are complying with dispersal instructions.

- 8 -

58. When managing crowds or dispersing protestors, properly trained officers avoid unnecessary escalation and use only minimal, reasonable force; here, officers instead escalated in response to Plaintiff's verbal objections and slight movement, despite his compliance and lack of any threat.

59. Reasonable officers also understand that they must maintain composure under trying circumstances, refrain from placing subjects in dangerous situations during crowd movement, and remain sensitive to the risk that some persons may have prior trauma or current disabilities that make unnecessary physical contact especially harmful.

60. The conduct of Bakersfield officers toward Plaintiff on March 27, 2024 departed from these basic standards and reflected deficiencies in the City's policies, training, and supervision regarding crowd control, appropriate use of force to move compliant protestors, and appropriate physical contact with subjects.

61. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered loss of liberty, emotional distress, anxiety, humiliation, damage to reputation, and incurred attorney's fees and costs in defending against criminal charges.

62. Plaintiff continues to suffer ongoing emotional and psychological harm, including fear and mistrust of law enforcement and distress associated with attending public meetings or engaging in protest activity.

63. At all relevant times, the individual defendants were acting within the course and scope of their employment with Defendant City of Bakersfield, making the City vicariously liable under California Government Code § 815.2 for Plaintiff's state-law claims, and the City's policies, customs, and failures to train and supervise were a moving force behind the violations alleged herein.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 – First Amendment Retaliation

### (Against Defendants Vargas, Gutierrez, Carey, Mell, Gutierrez, Schlecht, and DOES)

VILLAMONT LAW FIRM
Los Angeles County| Kern County

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 63 as though fully set forth herein.

65. At all relevant times, Defendants Vargas, Mell, Gutierrez, Schlecht, Carey and DOES 1–10 were acting under color of state law as Bakersfield Police Department officers or supervisors.

66. Plaintiff engaged in protected speech and expressive activity under the First Amendment, including chanting, voicing political views at a public meeting, and verbally criticizing and objecting to Mell's unnecessary and inappropriate touching of members of the public while exiting City Hall.

67. Plaintiff's verbal statements, including words to the effect of "Let her go" and him questioning of why Mell was pushing a member of the public were constitutionally protected criticism of police conduct and did not constitute threats, fighting words, or unprotected speech.

68. Mell, with the knowledge, support, and approval of Schlecht, Vargas, Carey and Gutierrez, took adverse actions against Plaintiff that would chill a person of ordinary firmness from continuing to engage in such protected speech, including seizing, handcuffing, and arresting him and causing a criminal case to be filed and maintained against him.

69. Vargas further retaliated against Plaintiff's exercise of his First Amendment rights by authoring and/or approving false and misleading reports that portrayed him protected conduct as criminal, thereby helping prolong and intensify the criminal prosecution.

70. Schlecht further retaliated by approving Carey's arrest decision and supporting the charging narrative based solely on Carey's and Vargas account, despite the availability of video and other information that contradicted their description and showed Plaintiff was complying and non-violent.

71. The adverse actions taken against Plaintiff, including his arrest and 21-month prosecution, would chill or silence a person of ordinary firmness from engaging in similar protected expression in the future.

72. Plaintiff's protected speech was a substantial or motivating factor in Defendants' decisions to arrest and prosecute him.

COMPLAINT FOR DAMAGES

73.    Defendants' conduct violated Plaintiff's rights under the First Amendment to the United States Constitution, enforceable through 42 U.S.C. § 1983.

74.    As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered damages as described above, including emotional distress, loss of liberty, and attorney's fees and costs.

75.  The acts of Defendants Vargas, Carey, Mell, Gutierrez, and Schlecht, and DOES were willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, entitling his to an award of punitive damages against them in their individual capacities.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Fourth Amendment Unlawful Seizure/False Arrest

### (Against Defendants Vargas, Gutierrez, Carey, Mell, Gutierrez, Schlecht, and DOES)

76.    Plaintiff realleges and incorporates by reference paragraphs 1 through 75 as though fully set forth herein.

77.    The Fourth Amendment protects individuals against unreasonable seizures, including arrests without probable cause.

78.    Carey, Vargas and Gutierrez acting under color of law, seized and arrested Plaintiff on March 27, 2024, when they physically restrained him, handcuffed him, and took him into custody.

79.    At the time of the seizure and arrest, Carey, Vargas, and Gutierrez did not have probable cause, or even reasonable suspicion, to believe that Plaintiff had committed any crime.

80.    Plaintiff was complying with the directive to exit City Hall, was nearly out the door, and was not obstructing, resisting, or delaying officers when Vargas, Carey, and Gutierrez seized him.

81.    Any allegations that Plaintiff violated Penal Code § 409 were unfounded because there was no qualifying riot, rout, or unlawful assembly at the time, and Plaintiff was in the process of leaving the location as ordered.

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

82.     Any allegations that Plaintiff violated Penal Code § 148(a)(1) were likewise unfounded because his conduct consisted of protected speech and minor, non-threatening movement while already complying with officers' commands.

83.     Schlecht approved Carey's arrest of Plaintiff based solely on Carey's and Varga's statements, without independent factual basis, and thereby caused and endorsed Plaintiff's unlawful seizure.

84.     A reasonable officer in Carey's and Schlecht's positions, viewing the totality of the circumstances, would have understood that there was no probable cause to arrest Plaintiff.

85.     The actions of Carey (as the arresting officer) and Schlecht (as approving supervisor) constituted an unlawful seizure and false arrest in violation of Plaintiff's rights under the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

86.     As a direct and proximate result of this unlawful seizure and false arrest, Plaintiff suffered damages as described above.

87.     The acts of Carey, Schlecht, and DOES were willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, entitling him to punitive damages against them in their individual capacities.

### THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983 – Fourth Amendment Excessive Force

### (Against Defendants Vargas, Gutierrez, Carey, Mell, Gutierrez, Schlecht, and DOES)

88.     Plaintiff realleges and incorporates by reference paragraphs 1 through 87 as though fully set forth herein.

89.     The Fourth Amendment prohibits law enforcement officers from using excessive and unreasonable force in seizing persons.

90.     Plaintiff was unarmed, non-violent, and already in the process of leaving the building when he was slammed down to the ground when he was one or two steps from exiting building.

91.     This slamming constituted a use of force; given Plaintiff's compliance and proximity to the exit, there was no need to physically assault.

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

VILLAMONT LAW FIRM
Los Angeles County| Kern County

92.    When Plaintiff verbally objected and attempted to turn toward Mell to question his actions, Gutierrez, Vargas, and Carey escalated by grabbing and slamming him onto the ground, and handcuffing him.

93.    The amount of force used against Plaintiff was unreasonable under the totality of the circumstances, particularly in light of his compliance, lack of threat, and vulnerability as a young man.

94.    Schlecht, as supervising sergeant on scene, either observed or reasonably should have been aware of the manner in which Carey was moving and arresting protestors, including Plaintiff, yet failed to intervene to prevent the excessive force despite having the opportunity and duty to do so.

95.    The conduct of Vargas, Gutierrez, Carey and Schlecht violated Plaintiff's rights under the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

96.    As a direct and proximate result of this excessive force, Plaintiff suffered physical discomfort, fear, emotional distress, and other damages.

97.    The acts of Vargas, Carey, Gutierrez, and Schlecht, and DOES were willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, entitling her to punitive damages against them in their individual capacities.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Unconstitutional/Malicious Prosecution
### (Against Defendants Vargas, Gutierrez, Carey, Mell, Gutierrez, Schlecht, and DOES)

98.    Plaintiff realleges and incorporates by reference paragraphs 1 through 97 as though fully set forth herein.

99.    Mell, Gutierrez, Schlecht, Carey and Vargas and DOES caused Plaintiff to face criminal charges in Kern County Superior Court for alleged violations of Penal Code §§ 409 and 148(a)(1), arising out of the March 27, 2024 incident.

100.    Vargas initiated the criminal proceedings by preparing arrest and incident reports alleging, among other things, that Plaintiff failed to disperse from a riot/unlawful assembly and that he resisted, obstructed, or delayed him, including by lunging past him.

- 13 -
COMPLAINT FOR DAMAGES

101.    Gutierrez, and Carey further initiated and continued the criminal proceedings by authoring and/or approving reports and other documents that falsely portrayed Plaintiff as having committed Penal Code §§ 409 and 148(a)(1) offenses, despite the lack of probable cause and in contradiction to available video evidence.

102.    Schlecht contributed to the initiation and continuation of the prosecution by approving Carey's arrest and charging narrative at the scene based solely on Carey's account, supporting the assertion that Plaintiff had violated Penal Code §§ 409 and 148(a)(1), and by endorsing the incident characterization in his supervisory report.

103.    Defendants acted under color of law and without probable cause; as set forth above, there was no riot, rout, or unlawful assembly, Plaintiff was complying with dispersal orders, and his conduct consisted of protected speech and non-threatening movement.

104.    The criminal case terminated in Plaintiff's favor on or about December 11, 2025, when he was exonerated of the charges in Kern County Superior Court.

105.    The initiation and continuation of the criminal proceedings were motivated in substantial part by Plaintiff's protected speech and expressive activity, and by Defendants' desire to retaliate against him and to justify unjustified arrest and use of force.

106.    Defendants' conduct violated Plaintiff's rights under the Fourth Amendment to be free from unreasonable seizure through the institution of criminal charges without probable cause, and under the First Amendment not to be subjected to criminal prosecution in retaliation for protected expression, enforceable through 42 U.S.C. § 1983.

107.    As a direct and proximate result of this unconstitutional prosecution, Plaintiff suffered 21 months of criminal process, including repeated court appearances, anxiety about potential conviction and punishment, financial and emotional strain in preparing for trial, and associated damages.

108.    The acts of Vargas, Carey, Mell, Gutierrez, Schlecht, and DOES were willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, entitling him to punitive damages against them in their individual capacities.

**FIFTH CAUSE OF ACTION**

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

**42 U.S.C. § 1983 – Municipal Liability**

**(Against Defendant City of Bakersfield – failure to train, supervise, and ratification)**

109.    Plaintiff realleges and incorporates by reference paragraphs 1 through 108 as though fully set forth herein.

110.    At all relevant times, Defendant City of Bakersfield, through its final policymakers for law enforcement, including but not limited to the Chief of Police and other high-level officials, maintained, enforced, tolerated, and ratified customs, policies, and practices that were the moving force behind the constitutional violations suffered by Plaintiff.

111.    These customs, policies, and practices included, but were not limited to: (a) treating peaceful City Council protest activity as an "unlawful assembly" or "riot/rout" in the absence of actual or imminently threatened violence; (b) using aggressive dispersal tactics and physical pushing against compliant protestors, including those already in the process of leaving; (c) failing to provide adequate training and supervision regarding the constitutional limits on arresting individuals for protected speech, including criticism of police; (d) failing to train officers regarding appropriate and gender-sensitive physical contact with female protestors, including avoiding unnecessary touching near breasts or bra-strap areas; (e) failing to train and supervise officers on de-escalation and minimal-force options in crowd-control settings; and (f) tolerating and ratifying officers' use of force and arrests in response to verbal criticism and non-violent expressive activity.

112.    The City's failure to train and supervise officers in these areas was so severe and obvious, and the risk of constitutional violations so likely, that policymakers were deliberately indifferent to the rights of persons with whom Bakersfield officers came into contact, including Plaintiff.

113.    The City was aware, prior to March 27, 2024, of repeated protests at City Council meetings and of prior instances in which officers interacted with protestors in a manner that raised constitutional concerns, but the City failed to implement adequate training, supervision, or corrective measures.

114.    Schlecht's report and the Department's handling of the March 27, 2024 incident, including the characterization of the protest, the dispersal tactics used, and the decision to support

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

criminal charges against Plaintiff despite exculpatory video, reflect and evidence these customs and deliberate indifference.

115.    The City's policymakers reviewed or were made aware of the video, reports, and criminal proceedings arising from the incident, yet ratified the officers' conduct by failing to discipline them or change policies and training in any meaningful way.

116.    As a direct and proximate result of these municipal policies, customs, practices, and failures to train and supervise, Plaintiff's constitutional rights under the First and Fourth Amendments were violated as described above.

117.    Plaintiff is entitled to damages against the City of Bakersfield under 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978).

**SIXTH CAUSE OF ACTION**

**California Civil Code § 52.1 – Bane Act**

**(Against Defendants Vargas, Gutierrez, Carey, Mell, Gutierrez, Schlecht, and DOES, and**

**City of Bakersfield)**

118.     Plaintiff realleges and incorporates by reference paragraphs 1 through 117 as though fully set forth herein.

119.    California Civil Code § 52.1 (the Bane Act) provides a private right of action against any person who interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or the rights secured by the Constitution or laws of the State of California.

120.    Defendants interfered, and attempted to interfere, by threats, intimidation, and coercion with Plaintiff's exercise and enjoyment of her rights under the First and Fourth Amendments and parallel rights under the California Constitution, including rights to free speech, to assemble and petition the government, and to be free from unreasonable seizure, excessive force, and baseless criminal prosecution. The threats, intimidation, and coercion included, but were not limited to: repeated warnings to protestors that if they did not move as officers demanded they would be "snatched up" and arrested; physical pushing and touching of members of the public and

COMPLAINT FOR DAMAGES

VILLAMONT LAW FIRM
Los Angeles County| Kern County

slamming Plaintiff to the ground when he was complying with dispersal orders; his forcible arrest and handcuffing without probable cause; and the continuation of criminal charges for 21 months, based on false reports and supervisory approval, in order to punish and deter his expressive activity.

121.    Carey's hands-on force and arrest, Varga's and Gutierrez' false and misleading reports that sustained the prosecution, and Schlecht's approval and continued endorsement of the arrest and charging narrative combined to apply coercive pressure on Plaintiff in direct retaliation for his exercise of constitutional rights.

122.    Defendants acted with the specific intent to interfere with or retaliate against Plaintiff for the exercise of his constitutional rights, or at a minimum acted with reckless disregard of those rights.

123.    The City of Bakersfield is vicariously liable for the Bane Act violations of its officers under Government Code § 815.2.

124.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages as described above.

125.    Pursuant to Civil Code § 52(b), Plaintiff is entitled to recover compensatory damages, attorney's fees, and a civil penalty, and to seek punitive damages against the individual defendants.

**SEVENTH CAUSE OF ACTION**

**False Arrest and False Imprisonment**

**(Against Defendants Vargas, Gutierrez, Carey, Mell, Gutierrez, Schlecht, DOES, and City of Bakersfield)**

126.    Plaintiff realleges and incorporates by reference paragraphs 1 through 126 as though fully set forth herein.

127.    Under California law, false arrest and false imprisonment consist of the non-consensual and unlawful restraint of a person's liberty.

128.    Carey, and Vargas intentionally caused Plaintiff to be arrested, handcuffed, and taken into custody on March 27, 2024.

- 17 -

COMPLAINT FOR DAMAGES

129. Schlecht approved Carey's arrest decision at the scene, based solely on Carey's account, and thereby caused Plaintiff's continued detention.

130. The arrest and subsequent detention of Plaintiff were without lawful justification and without probable cause, for the reasons alleged above.

131. As a direct and proximate result of this false arrest and false imprisonment, Plaintiff suffered damages as described above.

132. Defendant City of Bakersfield is vicariously liable for the false arrest and false imprisonment committed by its employees under California Government Code § 815.2.

### EIGHTH CAUSE OF ACTION

### Battery

**(Against Vargas, Gutierrez, Carey, Mell, Gutierrez, Schlecht, DOES and City of Bakersfield)**

133. Plaintiff realleges and incorporates by reference paragraphs 1 through 133 as though fully set forth herein.

134. Under California law, a police officer commits battery if he or she uses unreasonable or excessive force against a person in making or attempting to make an arrest.

135. Carey, acting within the course and scope of his employment, intentionally touched Plaintiff in a harmful or offensive manner by slamming him to the floor twisting his arms behind his back, and handcuffing him.

136. The force used was unreasonable and excessive under the circumstances for the reasons alleged above.

137. As a direct and proximate result of this unreasonable force, Plaintiff suffered physical discomfort and emotional distress.

138. Defendant City of Bakersfield is vicariously liable for the tortious acts of its officers under California Government Code § 815.2.

### NINTH CAUSE OF ACTION

### Negligence

**(Against Vargas, Gutierrez, Carey, Mell, Gutierrez, Schlecht, DOES, and City of Bakersfield)**

- 18 -

139.    Plaintiff realleges and incorporates by reference paragraphs 1 through 139 as though fully set forth herein.

140.    Carey, Vargas Mell, Gutierrez, Schlecht, and DOES owed Plaintiff a duty to act with reasonable care in the performance of their law enforcement duties, including duties to avoid unlawful detention and arrest, to avoid using excessive force, to properly handle crowd-control situations, to accurately report facts in criminal cases, and to respect the constitutional rights of protestors.

141.    Carey breached his duty of care by mischaracterizing Plaintiff's conduct as criminal, slamming him to the grown as he was exiting, arresting him without probable cause, and using excessive force in effecting that arrest.

142.    Vargas breached his duty of care by preparing and/or approving false and misleading reports that portrayed Plaintiff's protected conduct as criminal, thereby causing or prolonging her prosecution.

143.    Schlecht breached his duty of care by planning and directing overly aggressive dispersal tactics, approving Carey's baseless arrest decisions without adequate inquiry, and failing to intervene to prevent the violation of Plaintiff's rights.

144.    As a direct and proximate result of these breaches, Plaintiff suffered damages as described above.

145.    Defendant City of Bakersfield is vicariously liable for the negligence of its officers under California Government Code § 815.2.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lance Mack prays for judgment against Defendants, and each of them, as follows:

1.  For general and special damages according to proof at trial;

2.  For compensatory damages on all causes of action as allowed by law;

3.  For punitive damages against the individual defendants on the § 1983 and state-law tort claims, as allowed by law;

4.  For civil penalties, including under California Civil Code § 52(b), as allowed by law;

COMPLAINT FOR DAMAGES

5. For reasonable attorney's fees and costs under 42 U.S.C. § 1988, California Civil Code § 52.1, and any other applicable provision of law;

6. For pre-judgment and post-judgment interest as allowed by law; and

7. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Dated: March 24, 2026                                   VILLAMONT LAW FIRM

*Zaura Villagomez*
_____
Zaura Villagomez
Attorneys for LANCE MACK

VILLAMONT LAW FIRM
Los Angeles County| Kern County

COMPLAINT FOR DAMAGES